UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MACEY FETTERS, *as personal representative of the Estate of Betty Jo Copeland, deceased*,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | Case No. 23-12565<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [27]**

Betty Jo Copeland fainted at a service desk in a Home Depot store, experienced a closed-head injury, and tragically died two weeks later. (ECF No. 15, PageID.129–131; ECF No. 36, PageID.926–927.) Her daughter, and personal representative of her estate, Macey Fetters, sued Home Depot in Michigan state court alleging premises liability (Count I), ordinary negligence (Count II), gross negligence (Count III), and negligent hiring/supervision/training (Count IV). (ECF No. 1-1; ECF No. 15, PageID.131–143.) Home Depot removed the case under this Court's diversity jurisdiction. (ECF No. 1, PageID.4–7.)

With discovery now complete, Home Depot moves for summary judgment. (ECF No 27.) The motion is fully and adequately briefed (ECF Nos. 27, 36, 37) and does not require further argument. E.D. Mich. LR 7.1(f)(2).

For the reasons that follow, the motion is GRANTED.

# I.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Mutchler v. Dunlap Mem'l Hosp.*, 485 F.3d 854, 857 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphases in original). A dispute is "genuine" if the evidence permits a reasonable fact-finder to return a verdict in favor of the nonmovant, and a fact is "material" if it may affect the outcome of the suit. *See Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021). Importantly, a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.3 (1986) (quoting Fed. R. Civ. P. 56(e)).

## II.

The Court starts with the undisputed material facts. (ECF No. 36, PageID.926–927; ECF No. 27, PageID.297 (“For purposes of this Motion, only, [Home Depot] will not dispute the following [facts] due to the applicable motion standard”).)

On May 1, 2023, Mrs. Copeland entered Home Depot to purchase a stove and manure with a gift card she had recently received. (ECF No. 27-7, PageID.614; ECF No. 15, PageID.129.) She approached Ken Meyerhoff, a Home Depot employee, at the customer service desk. (ECF No. 27-3, PageID.336.) The transaction, Meyerhoff later testified, was “difficult” so he had to “reach[] out for help” from his colleagues. (*Id.*)

During this transaction, Mrs. Copeland put her head on the service desk counter. (*Id.* at PageID.336–337.) She then asked Meyerhoff for a chair. (*Id.* at PageID.337.) Meyerhoff went to get Mrs. Copeland a chair from the garden furniture display. (*Id.* at PageID.347.) Before he left, he told his supervisor, Kelly Currie, that he was leaving his workspace “to go get something” and asked Currie to “please watch my desk.” (*Id.* at PageID.348; ECF No. 27-4, PageID.400.)

Shortly after he left, Mrs. Copeland fainted backward, hit her head on the ground, and experienced a closed-head injury. (ECF No. 27, PageID.299; ECF No. 36, PageID.923, 926–927.) Currie ran over to help. (ECF No. 27-4, PageID.410.) A third Home Depot employee, Mary Ann Ebert, called 911. (ECF No. 27-5, PageID.448.) And a fourth Home Depot employee, Christen Taylor, hurried over from the paint department. (ECF No. 27-6, PageID.500, 514.)

Mrs. Copeland was rushed to the hospital and died in hospice a few weeks later. (ECF No. 27-7, PageID.631, 658.)

## III.

### A.

Fetters brings four tort claims: premises liability (Count I), ordinary negligence (Count II), gross negligence (Count III), and negligent hiring/supervision/training (Count IV). The Court will follow the parties' lead and apply Michigan law to each. *G.H.S. Corp. v. Cenveo, Inc.*, No. 15-00007, 2016 WL 8467614, at *5 n.4 (W.D. Mich. Mar. 4, 2016) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)).

### B.

The Court starts with Fetters' premises liability claim. (ECF No. 15, PageID.131–135.) "All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F & E Oil, Inc.*, 1 N.W.3d 44, 51 (Mich. 2023). "On a summary judgment motion, a defendant succeeds if they prove that on any of these four elements, there are no remaining issues of material fact and they are entitled to judgment as a matter of law." *Holland v. Fam. Dollar Stores of Michigan*, No. 24-12296, 2026 WL 297213, at *3 (E.D. Mich. Feb. 4, 2026).

Start, as usual, with duty. The parties do not dispute that Mrs. Copeland was an invitee at Home Depot. (ECF No. 15, PageID.131; *see* ECF No. 27, PageID.297.) "[A] possessor of land owes a duty to exercise reasonable care to protect invitees from dangerous conditions on the land." *Estate of Donna Livings v. Sage's Inv. Grp., LLC*,

968 N.W.2d 397, 402 (Mich. 2021) (citing *Riddle v. McLouth Steel Prods. Corp.*, 485 N.W.2d 676, 679 (Mich. 1992)); *Tripp v. Baker*, 12 N.W.3d 45, 52 (Mich. Ct. App. 2023) ("[A] valid premises-liability claim requires a showing that (1) there is a condition on the land, and (2) the condition is dangerous."). Thus, Home Depot owed Mrs. Copeland a duty of care with respect to dangerous conditions on its premises.

Fetters argues that Home Depot permitted two dangerous conditions that caused Mrs. Copeland's fall: a plexiglass barrier and a trash bin. (ECF No. 15, PageID.132–133.) To prevail on this argument, however, Fetters must "establish a question of fact whether there was a dangerous condition." *Bogorad v. Otis Elevator Co.*, No. 364161, 2024 WL 4774496, at *5 (Mich. Ct. App. Nov. 13, 2024). But neither she nor her expert maintain that the plexiglass barrier or trash bin were, in fact, dangerous conditions. (*See* ECF No. 36, PageID.922; ECF No. 29-2.) Perhaps recognizing as much, Fetters reframes the issue to be whether she is "required to prove a hazardous premises condition" at all given that, in her view, "the claims sound in ordinary negligence." (ECF No. 36, PageID.922.) But "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Bogorad*, 2024 WL 4774496, at *4 (citation omitted). And Fetters alleged a separate count of premises liability. (ECF No. 15, PageID.131–135.) That means she must establish a dangerous condition. *Tripp*, 12 N.W.3d at 52; *see also Tester v. Walmart, Inc.*, 856 F. App'x 586, 588 (6th Cir. 2021) (applying general principles of tort law and reasoning "[t]o win a premises-liability case, a plaintiff must prove the

existence of a dangerous condition: No dangerous condition means no duty to remove or warn; no duty means no breach; and no breach means no tort") (citation omitted).

Fetters has not done so. Indeed, she concedes that she has adduced no evidence that "any physical condition of the store itself caused [Mrs. Copeland] to fall." (ECF No. 27-7, PageID.674.) So does her expert. (ECF No. 27-8, PageID.803 ("Q: And you agree with me that none of your opinions deal with anything having to do with the premises condition at the store on the date of the incident. You would agree with me about that? A: Yes. Q: You're not saying that something on the floor or by her caused [Mrs. Copeland] to fall, right? A: Yes.").)

Because Fetters presents no evidence for a reasonable jury to find the existence of a dangerous condition, summary judgment is warranted on Fetters' premises liability claim (Count I).

**C.**

The Court turns next to Fetters' claim for ordinary negligence. (ECF No. 15, PageID.135–138.) "To establish a prima facie case of negligence, a plaintiff must prove that '(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages.'" *Hill v. Sears, Roebuck & Co.*, 822 N.W.2d 190, 195 (Mich. 2012) (citation omitted). "'It is axiomatic that there can be no tort liability unless [a] defendant[ ] owed a duty to [a] plaintiff." *Id.* (citations and internal quotation marks omitted). "Whether a defendant owes a plaintiff a duty of care is a question of law for the court." *Saunders v. Home Depot,*

*Inc.*, No. 24-1933, 2025 WL 1591875, at *1 (6th Cir. June 5, 2025) (quoting *Beaudrie v. Henderson*, 631 N.W.2d 308, 311 (Mich. 2001)). To make this determination, courts examine "the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented." *In re Certified Question*, 740 N.W.2d 206, 213 (Mich. 2007) (citation omitted).

Fetters maintains Home Depot owed her "[t]wo distinct but related duties." (ECF No. 36, PageID.924.) The first was a "duty to prevent foreseeable harm." (*Id.*) Fetters maintains this duty "was triggered the moment its employee . . . perceived that Mrs. Copeland was in imminent peril." (*Id.*) The second duty "arose when [Home Depot's employee] voluntarily undertook to assist Mrs. Copeland" by getting her a chair. (*Id.* at PageID.925.) "Once that undertaking began," Fetters says, Home Depot's employee had "to perform it with reasonable care." (*Id.* (citation omitted).)

**1.**

First, the "foreseeable prevention" duty, as Fetters calls it. (ECF No. 36, PageID.936.) "[W]hen an employee perceives an invitee in distress and can render assistance without risk," she maintains, "a duty arises to take reasonable steps to prevent foreseeable harm." (*Id.* at PageID.933.)

Fetters says this duty of care "attached when Meyerhoff perceived distress." (*Id.* at PageID.936.) Fetters maintains Meyerhoff's "obligation" was "remaining nearby, assisting [Mrs. Copeland] to a seat, and summoning help." (ECF No. 36, PageID.934.) But Meyerhoff could not have remained nearby because Mrs. Copeland asked him to get her a chair. (ECF No. 27-3, PageID.337.) Nor could he assist Mrs.

Copeland to a seat that he did not yet have. (*See id.*) And he did, in fact, summon help by asking Currie to watch his area when he went to retrieve a chair for Mrs. Copeland. (*Id.* at PageID.344–345 (Meyerhoff deposition); ECF No. 27-4, PageID.400 (Currie deposition ("Q: Were you made aware at the time that [Meyerhoff] left the register? A: I was made aware when he was turning – at the time he had asked me – he was going to go get something and be back, and that he asked me to watch his desk or his register."")).)

While Fetters, in hindsight, believes Meyerhoff was "obligated" to take different action, she fails to establish that the action he took was unreasonable. She also fails to cite any cases, and the Court has not located any, that establish this "foreseeable prevention" duty. Indeed, "[c]oncerning duty, [i]t is a basic principle of negligence law that, as a general rule, there is no duty that obligates one person to aid or protect another." *McGuire v. Qualitas Primi, LLC*, No. 367526, 2024 WL 4501244, at *2 (Mich. Ct. App. Oct. 15, 2024) (internal quotation marks and citation omitted). True enough, special relationships may change that general rule. The cases Fetters does cite show as much: They establish duties of care in the contexts of social companions, independent medical examinations, and the criminal conduct of third parties. But these cases do not support the imposition of a duty of care in *this* case because no analogous special relationship existed.

Fetters first cites *Farewell v. Keaton*, 240 N.W.2d 217 (Mich. 1976). That court found "a special relationship between" two "companions on a social venture[,]" who were drinking and going to various restaurants during an evening escapade. *Id.* at

219–22. One of the friends left the other asleep in a parked car. *Id.* at 219. That friend later died. *Id.* The relationship between the two friends, the Michigan Supreme Court concluded, prompted an "affirmative duty" for one of the friends to "render assistance" to the other. *Id.* at 222. Meyerhoff and Mrs. Copeland were neither "companions" nor participating in any "social adventure" at the Home Depot customer service desk. *Farwell* does not move the needle.

Next, Fetters cites *Dyer v. Trachtman*, 679 N.W.2d 311 (Mich. 2004). That case involved an independent medical examination and whether a plaintiff's claim sounded in "ordinary negligence or in medical malpractice." *Id.* at 311. The court found it sounded in medical malpractice and imposed a limited duty for an independent medical examiner "to exercise care consistent with his professional training and expertise so as not to cause physical harm by negligently conducting the examination." *Id.* at 317. This is not a medical malpractice case against Home Depot, which is not an independent medical examiner.

Fetters also relies on *Bailey v. Sharf*, 835 N.W.2d 413 (Mich. 2013). Once more, however, *Bailey* does not support the imposition of a duty in this case. At issue in that case was "whether an apartment complex landlord owes a duty to its tenants and invitees to respond to an imminent threat of a third party's criminal act in the common area of the premises by calling the police." *Id.* at 428 (Cavanagh, J., concurring in part, dissenting in part). There is neither a landlord nor criminal conduct at issue in this case.

Fetters ends with *Mason v. Royal Dequindre, Inc.*, 566 N.W.2d 199 (Mich. 1997). In line with the other cases she cites, that case does not support the imposition of a duty of care under the undisputed facts here. The *Mason* court "conclude[d] that merchants have a duty to use reasonable care to protect their identifiable invitees from the foreseeable criminal acts of third parties." *Id.* at 205. Yet there were no criminal acts at Home Depot that day.

All of this is to say, the cases Fetters cites do not establish that Home Depot had a duty of "foreseeable prevention" that would overcome the default rule against such a duty. (ECF No. 36, PageID.936.)

**2.**

Fetters also seeks to create a duty through a "voluntary undertaking" theory. (*Id.*) "When Meyerhoff chose to leave the service desk area to retrieve a chair[,]" she says, "he began to render aid that the law recognizes as an undertaking." (*Id.* at PageID.935.) This duty "attached" "when he began assistance." (*Id.* at PageID.936.)

True, the law recognizes, as Fetters describes, that "one who 'undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking.'" (ECF No. 36, PageID.935 (quoting *Smith v. Allendale Mut. Ins. Co.*, 303 N.W.2d 702, 712 (Mich. 1981)).) But "[i]t is not enough that an individual simply acts. The act must have been one to render service to another." *Schenk v. Mercury Marine Div., Lowe Indus.*, 399 N.W.2d

428, 431 (Mich. Ct. App. 1986) (citing *Smith*, 303 N.W.2d at 702). "Evidence demonstrating merely that a benefit was conferred upon another is not sufficient to establish an undertaking which betokens duty." *Mosser v. Pepper*, No. 290093, 2010 WL 877546, at *2 (Mich. Ct. App. Mar. 11, 2010) (citing *Smith*, 303 N.W.2d at 702).

Applying that principle here, Fetters fails to establish that Meyerhoff "assumed a duty to render services to" Mrs. Copeland when he went to retrieve her a chair. *Schenk*, 399 N.W.2d at 431; *see Mosser*, 2010 WL 877546, at *1 ("the determination whether a duty-imposing special relationship exists in a particular case involves the determination whether the plaintiff entrusted h[er]self to the control and protection of the defendant, with a consequent loss of control to protect h[er]self"). The record does not show Mrs. Copeland "entrusted herself to the control and protection" of Home Depot by visiting that store to purchase goods, or even entrusted herself to the care of Meyerhoff when she sought his assistance with the transaction. *Mosser*, 2010 WL 877546, at *1. And even though Mrs. Copeland "may have received a benefit" when Meyerhoff got her a chair, "evidence demonstrating that a benefit was conferred is insufficient to establish an undertaking, which connotes the existence of a duty." *Id.* at *2 (quoting *Smith*, 303 N.W.2d at 702).

The result: No "voluntary undertaking" duty of care arose because there was, in fact, no undertaking at all.

Because no duty of care arose, and because no negligence claim can stand without a duty of care, summary judgment is warranted on Fetters' ordinary negligence claim (Count II).

**D.**

Recasting the claim as gross negligence (Count III) does not alter the result. (ECF No. 15, PageID.138–140.) "[A]ll claims of common-law gross negligence under Michigan law [are barred] except in certain contexts in which Michigan law exculpates actors for mere negligent conduct." *McDonald v. FJ Carrier Logistics, LLC*, No. 24-10049, 2026 WL 624151, at *2 (E.D. Mich. Mar. 5, 2026) (quoting *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 377 (6th Cir. 2009)). Put differently, a gross negligence claim may lie where "a defendant could not be held liable for ordinary negligence but could be held liable for heightened or gross negligence." *Id.* (quoting *Biegas*, 573 F.3d at 378). Fetters does not argue that this is a case where Home Depot could only be liable for gross negligence, not ordinary negligence. (*See generally* ECF No. 36.) Thus, summary judgment is warranted on Fetters' gross negligence claim (Count III).

**E.**

That leaves Fetters' claim for negligent hiring/supervision/training (Count IV). (ECF No. 15, PageID.140–143.) Fetters alleges that Home Depot had an "independent duty to act reasonably in hiring, training, and supervision where employee conduct presents foreseeable risks." (ECF No. 36, PageID.944.) More specifically, she contends that Home Depot "had a duty to implement reasonable hiring practices, supervise employees effectively and provide comprehensive training that included emergency response protocols and the maintenance of safety standards." (ECF No. 15, PageID.141.)

As a threshold matter this claim fails because Fetters does not establish that Home Depot owed her a duty of care. *Randall v. Michigan High Sch. Athletic Ass'n*, 965 N.W.2d 690, 703 (Mich. Ct. App. 2020) ("Any negligence-based claim must, as its starting point, identify a legal duty owed by one to another. If there is no duty, then there is no negligence.").

But this claim also fails on its own terms. "[T]he gravamen of negligent hiring or retention is that the employer bears some responsibility for bringing an employee into contact with a member of the public despite knowledge that doing so was likely to end poorly." *Mueller v. Brannigan Bros. Restaurants & Taverns LLC*, 918 N.W.2d 545, 575 (Mich. Ct. App. 2018). "[A] claim of negligent hiring or retention requires actual or constructive knowledge by the employer that would make the *specific* wrongful conduct perpetrated by an employee predictable." *Id.* (emphasis in original) (citation omitted). "In other words, claims of negligent retention, negligent training, and negligent supervision 'depend on the particular misconduct complained of being foreseeable.'" *Gallup v. Moss-Fort*, No. 363306, 2025 WL 312945, at *6 (Mich. Ct. App. Jan. 27, 2025) (citing *Mueller*, 918 N.W.2d 545 at 577). Recall what occurred here: the employee went to get a chair for a customer feeling and looking unwell. Even assuming this could somehow be deemed "misconduct," Fetters offers no evidence that it was foreseeable to Home Depot that Meyerhoff would take such action or would do anything to harm a customer. (*See generally* ECF No. 36; *cf. Turrentine v. Jagu LLC*, No. 368405, 2026 WL 319047, at *7 (Mich. Ct. App. Feb. 5, 2026)

(affirming denial of summary disposition on negligent hiring, retention, and supervision claims given fact issue on whether employer had requisite knowledge).)

Thus, summary judgment is warranted on this claim as well (Count IV).

**IV.**

The Court understands the gravity of losing a loved one who experienced a medical emergency in a public establishment. But "[i]t is well-known and accepted in American jurisprudence that there is not a remedy at law for every injury." *Grossman v. Hardy*, 9 F.3d 112 (7th Cir. 1993) (table); *see also Richardson v. Babcock & Wilcox Co.*, 175 F. 897, 898 (1st Cir. 1910) ("The law does not furnish redress in damages for every misfortune.") That is the case here. For the reasons provided above, Home Depot's motion for summary judgment (ECF No. 27) is GRANTED. As a result, Home Depot's motion to strike Fetters' expert testimony (ECF No. 29) is DENIED AS MOOT. A separate judgment will issue.

IT IS SO ORDERED.

Dated: August 31, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE